Manly, J.
 

 The case states the plaintiff attempted to show-title through Burgess Goings, by proceedings on the part of' his administrator, A. II. Sannders, to make the real estate assets. It seems there was a petition, and copies with notices served upon the heirs by A. II. Saunders, who- was, at the-time, sheriff, and a decree for a sale, appointing Sannders commissioner to sell. Two irregularities are noted in the proceeding, and for these, It was objected1 in the Court below, that the sale, under the proceedings was void. The Court sustained these objections, and this evidence of tille was excluded. How far, or in what respect, this ruling affected the-controversy, (that is-the boundary between the parties,) we are not enabled to see, but suppose from its insertion, it had a material bearing. In this ruling, we think there-is error:
 

 Neither of the parties to this controversy was a party to> the petition for the sale, or in any way interested in it, and we are of opinion a mere stranger cannot go- behind the decree of sale-and take advantage of the irregularities noted, to-defeat the rights of the purchaser. The order, which is the commissioner’s warrant for selling, being- regular on its face, and issuing from a court of competent jurisdiction, the purchaser ought to be protected, otherwise, all' confidence injudicial sales will be lost, and the free and perfect competition for property on such occasions, essential to the rights of all parties,- entirely subverted.
 

 It may ¡De remarked with regard to the first of the defects mentioned in the case, that neither as administrator in preferring the petition, nor as sheriff in serving the notices, does Saunders act
 
 proprio jure,
 
 hut in both, he is the minister of' the law. There is not, therefore, in his conduct, strictly speaking, the inconsistency of acting as ministerial officer in his own cause. It is an irregularity which the Court might have corrected, upon exception, pending the proceedings, but it cannot be enquired into collaterally. And, with respect to
 
 *417
 
 the objection that no affidavit of the- facts of the petition was--, made, it would have been* corrected.! upon the motion of any-party in the cause, while it was pending, but the- decree of" sale cannot now be annulled therefor, upon the motion:of a* stranger.
 

 The-object of calling;in the parties in interest, is to guard'! the Court from acting against law to the inj ury of any one, and' every thing of form, as well as substance, is supposed to be-done, or waived, until the contrary be established, by'proper proceedingá, instituted for the- purpose. These-principles seem to be fully settled in the case of a constable’s levy on land returned to Court. A sale made- in pursuance of an order from the Court, in such a case, cannot be impeached collaterally, although it did not appear from the constable’s return, there were no goods and chattels, and' although nomotice was giveu to the owner ; Doe on dem. of
 
 Jones
 
 v.
 
 Austin,
 
 10 Ire. Rep. 20.
 

 The able Judge, who tried the case -below, had; as we suppose, the case of doe on the demise of
 
 Leary
 
 v.
 
 Fletcher,
 
 1 Ire. Rep. 259, in his mind ; where it is decided that an order made for the sale of an orphan’s land by the County Court on the motion of the guardian,, was void for certain irregularities in the proceedings. The cases may be- distinguished. In
 
 Doe
 
 v.
 
 Fletcher,
 
 the decree, or order of sale, which constituted the sheriff’s warrant, was contrary to the requirements- of the law in this: no particular property was
 
 specified,
 
 but the sheriff required to sell
 
 so much as- might be sufficient,,
 
 whereas, the law requires the court to designate. The- order upon its face, was outside of the court’s power, and was consequently void. Not so in the case-now before us.
 

 We have not thought proper-to discuss-the point of evidence, raised on the question of boundary, as it becomes unnecessary to do so-from the view taken of the other points, and because, upon a second trial, it may possibly be eliminated altogether from the case by the introduction of the title excluded upon the former trial. In excluding this title, de
 
 *418
 
 rived from
 
 the
 
 administrator’s sale,
 
 there
 
 was error, and for this, there must be a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.